UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MEF (XXX-XX-6460)                    CIVIL ACTION NO. 09-cv-1688

VERSUS                               JUDGE HICKS

U.S. COMMISSIONER SOCIAL             MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

MEF ("Plaintiff") applied for disability benefits based primarily on scoliosis and related problems. She was born in 1972, graduated high school, and has past work experience that includes employment as a cashier, poultry worker, cook, and production assembler of piece goods. Plaintiff had a Harrington rod procedure for her scoliosis in 1984. She has since received frequent treatment for back pain and limitations.

This court affirmed a denial of an earlier application. See 07-cv-1791. The ALJ in that proceeding discounted the opinion of Dr. John H. Smith, III, Plaintiff's treating physician, in favor of a report from a non-examining medical expert. He concluded that Plaintiff had the residual functional capacity ("RFC") to perform a significant range of sedentary work, and he accepted the testimony of a vocational expert ("VE") that a person of Plaintiff's age, education, work experience, and RFC could perform jobs such as check casher, which exist in significant numbers in the national and regional economy. Based on that finding, the ALJ held that Plaintiff was not disabled within the meaning of the

regulations. The case proceeded to this court, where the central battle concerned the weight the ALJ afforded Dr. Smith's reports. The court held that the ALJ was within his discretion, given the good reasons set forth in his written decision, to discount Dr. Smith's opinion in favor of that of another physician.

Plaintiff filed another application. ALJ Larry Butler issued a decision (Tr. 18-26) that included a finding that Plaintiff has the RFC to perform sedentary work. He then looked to the medical-vocational guidelines, which directed that a person of Plaintiff's age, education, work experience, and RFC is deemed "not disabled" under the regulations. The Appeals Council denied a request for review. Plaintiff filed this civil action to seek judicial review.

**Issues on Appeal**

Plaintiff's brief lists three issues for appeal: A general assertion that the ALJ did not have substantial evidence to support his decision, a complaint that the ALJ did not appropriately consider the opinion of the treating physician, and an argument that the ALJ incorrectly found that there are jobs available that Plaintiff could maintain. The first two issues are based almost entirely on Plaintiff's argument that the ALJ did not afford appropriate weight to the opinion of Dr. John Smith.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is

more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Substantial Evidence; Treating Physician**

     Dr. Smith wrote a letter in April 2006 to the ALJ who decided the earlier claim for benefits. He stated that he had been following Plaintiff for back pain since March of 2001, and he had treated her with multiple modalities, including muscle relaxers, Neurontin, and anti-inflammatories. Dr. Smith attached a completed functional capacity assessment form, and he said his letter was offered to supplement the form. He reported that Plaintiff was going to have "significant difficulty" with any activity that involves her mid-back, which would include sitting or standing for more than one to two hours at a time. It would also include stooping, bending, or squatting. Carrying or lifting would exacerbate back pain. Dr. Smith concluded that it was his opinion that Plaintiff would be "unable to compete in an 8-5, five day a week profession given her limitations as listed above." Tr. 235-36. Dr. Smith attached a completed assessment form in which he checked boxes to indicate, in most categories, the most limited ability, suggesting an inability to perform even sedentary work. Tr. 237-40.

In the earlier case, the ALJ weighed Dr. Smith's report against that of a consulting medical expert who reviewed Plaintiff's records but did not actually examine her. After Plaintiff filed this application, the Agency referred her to Dr. Scott Bergeaux in March 2007 for a physical examination and report. The musculoskeletal examination was positive for low back pain and hip pain. There was no redness or obvious deformity. There was no muscle asymmetry, atrophy, involuntary movement, or structural deformity. Plaintiff had 5/5 grip strength with adequate fine motor movements. She had good tone and 5/5 strength in all muscle groups. An x-ray showed the presence of the metallic rods and disc space narrowing at L1-2 and L2-3.

Plaintiff had a normal gait, was able to rise from a sitting position without assistance, stood on her tiptoes, heels, and tandem walked without problem. Plaintiff was able to bend and squat without difficulty. Dr. Bergeaux opined that, despite Plaintiff's back issue, she "should be able to sit, walk, and/or stand for a full workday." He added that Plaintiff could lift/carry objects of at least 20 pounds and had no postural or manipulative limitations. Tr. 206-08.

Dr. Smith wrote another letter to the Agency in March 2008. He stated that he had followed Plaintiff in his clinic for the past eight years for problems that included scoliosis with chronic back pain. Plaintiff had been treated, during most of the time, with anti-inflammatories and muscle relaxers, as well as corticosteroid injections as needed. He wrote that Plaintiff "had great difficulty with her back, especially as relates to finding gainful

employment that does not exacerbate or worsen her symptoms." Dr. Smith stated that Plaintiff's pain had worsened over the last several months. He had ordered an MRI, but the metallic rods in Plaintiff's back resulted in a poor image. He stated that Plaintiff had intermittent episodes of acute exacerbations that improve with medical management in the short term. Dr. Smith wrote that Plaintiff's back pain and scoliosis limit her "ability to sit for prolonged periods of time, stand for prolonged periods of time, bend, squat, lift and kneel." He stated that it was his "opinion that she is unable to compete in an 8-5, five days a week job environment."

Ordinarily, "the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985). The treating physician's opinions, however, are far from conclusive. "[T]he ALJ has the sole responsibility for determining the claimant's disability status." Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir.1990). When good cause is shown, less weight, little weight, or even no weight may be given to the treating physician's testimony. The good cause exceptions that have been recognized include statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. Scott, 770 F.2d at 485. In sum, the ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." Id. See Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).

The ALJ discussed Dr. Bergeaux's findings at length. He noted that Plaintiff's demeanor at the hearing was normal and appropriate; she looked healthy and did not appear to be in pain. Tr. 23. The ALJ also reviewed Dr. Smith's 2008 letter. He noted that Smith said that Plaintiff could not work, yet she had been treated only with anti-inflammatories, muscle relaxers, and corticosteroid injections.

The ALJ took into consideration the years Dr. Smith had treated Plaintiff, the frequency of treatment, and the requirements of 20 C.F.R. § 416.927, which provides a list of factors that must be discussed before a treating physician's opinion can be discounted in favor of a report from a non-examining physician. When there is competing first-hand medical evidence, as in this case from Dr. Bergeaux, the six-factor review is not mandatory. Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003). The ALJ took the factors into consideration anyway, which show that the he did not lightly discount Dr. Smith's opinion.

The ALJ pointed to factors such as the history of conservative treatment, the lack of more aggressive pain medication, and Plaintiff's appearance at the hearing, all to support a conclusion that Dr. Smith's opinion would not be relied upon. He correctly noted that Dr. Smith's general statement that Plaintiff was unable to work is not a medical opinion and is not afforded any special significance. Frank, 326 F.3d at 620. What is important is a physician's medical findings and opinions about a claimant's health problems and particular limitations (standing, reaching, lifting, etc.) they impose. It is the ALJ's duty to then decide whether those limitations render the claimant disabled within the meaning of the law.

Page 6 of 10

Reasonable persons might have afforded differing degrees of weight to the competing physician opinions, but the ALJ's decision gave good reasons for the weight he assigned. The opinions were quite different, with Dr. Bergeaux finding that Plaintiff could apparently do most work activity. Dr. Smith found that Plaintiff was almost wholly limited. The ALJ found that Plaintiff was capable of only sedentary work, the least demanding form of work, so it is not as if he ignored the limitations suggested by Dr. Smith.[1] He simply found that they were not so serious as to prevent mere sedentary work activity. The ALJ was within his discretion, given the reasons set forth in its written decision, to discount Dr. Smith's opinion and find an RFC of sedentary work.

After the ALJ's decision, Dr. Smith wrote a letter to counsel for Plaintiff, and that letter was submitted to the Appeals Council. Dr. Smith took issue with the ALJ's findings. Tr. 299-301. The Appeals Council noted the additional evidence but found no reason to review the ALJ's decision. Tr. 2. The Commissioner's final decision includes that denial and requires the court to consider (in determining whether there is substantial evidence to support the decision) the evidence that was submitted for the first time to the Appeals Council. Higginbotham v. Barnhart, 405 F.3d 332 (5th Cir. 2005). There are no particular

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. A sedentary job involves sitting, but a certain amount of walking and standing is often necessary to carry out job duties. A job is sedentary if walking and standing are required no more than about 2 hours per day and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a); Social Security Ruling 83-10.

medical findings or limitations found in the letter that would undermine the ALJ's decision.

**Maintaining Work**

Plaintiff's third issue is an argument that she could not *maintain* a job even if she may at times be capable of performing work. Plaintiff's argument about maintaining an available job invokes the Fifth Circuit's Singletary decision, which interpreted disability under the Act to apply to cases in which a person is capable of working for short periods but can not maintain a job because his impairment flares up too often. Singletary does not, however, require every decision by an ALJ include a separate finding regarding the claimant's ability to maintain a job. Frank, 326 F.3d at 621. An ALJ's finding that a claimant can perform a certain level of work necessarily includes a finding that he is able to perform at that level not just intermittently but eight hours a day, five days a week. A separate and express finding regarding maintaining work is required only when the claimant's ailment "waxes and wanes in its manifestation of disabling symptoms." Id. See also Dunbar v. Barnhart, 330 F.3d 670 (5th Cir. 2003); Weimer v. Astrue, 284 Fed.Appx. 129, 135 (5th Cir. 2008). The ALJ's basic decision with respect to disability was upheld above, and there is no indication in this record that a separate finding with regard to maintaining employment was required of the ALJ.

Plaintiff's third issue also includes a reference to the requirement that the jobs be available in significant numbers in the economy. Her brief does not flesh out her argument on the issue. There is no basis for relief with respect to the claim; the ALJ may rely

exclusively on the Guidelines to find that jobs are available in a case such as this. Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987).

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be affirmed and that Plaintiff's complaint be dismissed with prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of January, 2011.

                                                        MARK L. HORNSBY
                                         UNITED STATES MAGISTRATE JUDGE